# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| **LINDA SPURLOCK,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 3:23-cv-00364** |
| | § | |
| **AMGUARD INSURANCE COMPANY,** | § | |
| *Defendant.* | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE COURT:

Plaintiff LINDA SPURLOCK files this First Amended Complaint against Defendant AmGuard Insurance Company and shows:

### I. PRELIMINARY INFORMATION AND DEFINITIONS

1. Insured: LINDA SPURLOCK("Plaintiff")
   Insurer: AMGUARD INSURANCE COMPANY ("Defendant")
   Policy Number: MIHO161291 ("Defendant 's Policy")
   Claim Number: MIHO161291-002-002-002 ("Claim" or "Claim Number")
   Date of Loss: OCTOBER 20, 2021 ("Date of Loss")
   Insured Property: 2126 WIMBLETON CT, PEARLAND, TX 77581-5174 ("Property" or "Insured Property")

### II. PARTIES

2. Plaintiff is a Texas resident individual.

3. Defendant is a Texas "Foreign" company engaging in insurance business in Texas. One may serve Defendant with process in person or via Certified Mail Return Receipt Requested by (1) serving the president, an active vice president, secretary or attorney-in-fact at Defendant 's home office or principal place of business or (2) leaving a copy of the process at Defendant 's home office or principal business office during regular business hours.

4. Defendant's place of business is: CT CORPORATION SYSTEM at 1999 BRYAN

STREET, SUITE 900, DALLAS, TX 75201-3136.

### III. JURISDICTION

5.     The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant Insurer are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

### IV. VENUE

6.     Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of events or omissions giving rise to the claim occurred in this district and the subject property of the action is situated in this district.

### V. FACTS

7.     The Plaintiff, Ms. Linda Spurlock, entrusted the Defendant, with the solemn responsibility of safeguarding her cherished property, a residence located at 2126 Wimbleton Ct, Pearland, TX 77581-5174. This property was not just a house; it was Ms. Spurlock's home, a sanctuary where he sought solace and peace from the world. With the utmost confidence in the Defendant's commitment to protect her property, Ms. Spurlock procured an insurance policy bearing the identifier MIHO161291. However, on October 20, 2021, the tranquility of Ms. Spurlock' life was shattered when her home fell victim to an insidious menace—the relentless intrusion of a roof leak. This calamity not only inflicted substantial structural damage upon Ms. Spurlock's property but also inflicted an emotional toll that lingers to this day.

8.     In the wake of this catastrophe, Ms. Spurlock diligently followed the prescribed protocol and promptly contacted the Defendant to initiate a claim under policy number MIHO161291, aptly identified as MIHO161291-002-002-002. The actions were met with the bare minimum of responses from the Defendant, who, regrettably, provided nothing more than a claim

number. The Defendant, at this juncture, showed no inclination to fulfill its obligations under the insurance policy.

9. As days turned into weeks and weeks into months, Ms. Spurlock was left with no recourse but to persistently pursue contact with the Defendant, who continued to remain largely unresponsive. When, at long last, Ms. Spurlock received an offer, it was woefully inadequate and failed to address the extensive damage that had damaged her property, of which the Defendant had full knowledge.

10. Because Plaintiff disagreed with Defendant's determination of the amount of loss, he invoked the Policy's appraisal provision. The parties participated in appraisal and an appraisal award was issued, which set the amount of loss for Plaintiff's damages at $30,824.49 Replacement Cost Value (RCV) and $28,134.00 Actual Cash Value (ACV), as well as the contents at $7,711.81 for RCV and $7,302.31 for ACV. Plaintiff presented the contractually-binding award to Defendant, but Defendant has refused to remit payment to Plaintiff.

11. The Defendant's actions, or lack thereof, diverged drastically from the obligations it had solemnly accepted under the policy. Despite the explicit coverage provided for losses akin to those experienced by Ms. Spurlock, the Defendant committed a grievous error by disbursing an erroneous claim payment intended for property replacement. This gross misstep is a testament to the Defendant's failure in fulfilling its contractual duty to provide adequate compensation in strict accordance with the policy's terms.

12. Furthermore, Ms. Spurlock, fully within her rights, demanded the full and just proceeds necessary to restore her damaged property, having met all conditions stipulated for recovery. Shockingly, the Defendant not only failed but willfully refused to make the complete payment owed to Ms. Spurlock. Such inexcusable conduct unquestionably amounts to a breach of

the insurance contract that binds the Defendant and Ms. Spurlock.

13. In a reprehensible display of misrepresentation and bad faith, the Defendant deceitfully asserted that the property damage did not surpass the amount already paid, despite the indisputable evidence of damage resulting from a covered incident. By engaging in such behavior, the Defendant has transgressed the provisions of the Texas Insurance Code.

14. The defendant, despite being fully aware of their liability to the plaintiff under the policy, neglected to make a genuine effort to fairly settle the plaintiff's claim. This failure on the defendant's part is a clear violation of the Texas Unfair Competition and Unfair Practices Act, as specified in TEX. INS. CODE § 541.060(2).

15. The defendant, in a glaring lapse, neglected to provide the plaintiff with a clear explanation regarding the inadequate settlement offer. Specifically, it failed to offer the plaintiff appropriate compensation without any accompanying justification for the partial payment. Moreover, the defendant failed to communicate any plans for future settlements or payments that would encompass the full extent of the losses covered under the policy. This failure to adequately settle the plaintiff's claim was aggravated by the defendant's lack of explanation for their actions. As a result, the defendant's conduct directly contravenes the Texas Unfair Competition and Unfair Practices Act, as outlined in TEX. INS. CODE § 541.060(3). This violation highlights the defendant's disregard for fair practices and transparency as required by the law.

16. The defendant's failure to promptly confirm or deny coverage of the plaintiff's claims within a reasonable timeframe is evident. Specifically, the plaintiff did not receive a timely written response from the defendant indicating acceptance or rejection of the entire claims. Such conduct on the part of the defendant constitutes a violation of the Texas Unfair Competition and Unfair Practices Act, as stipulated in TEX. INS. CODE § 541.060(4). This failure to provide clear

communication and timely resolution demonstrates a disregard for fair business practices mandated by the law.

17. Additionally, the defendant's refusal to fully compensate the plaintiff, as per the policy terms, is compounded by their failure to conduct a reasonable investigation. Instead, the defendant carried out an investigation that was influenced by a predetermined outcome, resulting in a biased, unfair, and inequitable evaluation of the plaintiff's losses concerning the property. This conduct by the defendant constitutes a violation of the Texas Unfair Competition and Unfair Practices Act, as outlined in TEX. INS. CODE § 541.060(7). Such actions highlight the defendant's noncompliance with the laws governing fair competition and equitable practices.

18. The defendant's failure to fulfil her obligations as prescribed by the Texas Insurance Code is evident on multiple fronts. Firstly, the defendant **neglected to acknowledge the plaintiff's claims**, initiate investigations, and request all necessary information to assess the plaintiff's claim within the mandated timeframe of fifteen (15) days from receiving notice. This failure on the part of the defendant constitutes a violation of the Texas Prompt Payment of Claims Act, as stated in TEX. INS. CODE § 542.055. In essence, the Defendant's abject failure to fulfill its obligations under the Texas Insurance Code is undeniable and far-reaching. It not only left Ms. Spurlock to endure a prolonged ordeal but also caused her immense stress and emotional trauma, rendering her own home a place of anxiety rather than refuge. The Defendant's actions, or rather inaction, have betrayed Ms. Spurlock' trust and inflicted immeasurable harm in a time of dire need.

19. Furthermore, the defendant failed to accept or deny the plaintiff's complete claims within fifteen (15) business days after receiving all the required information. This disregard for the prescribed timeframe constitutes a violation of the Texas Prompt Payment of Claims Act, as specified in TEX. INS. CODE § 542.056. It seemed that at this point the Defendant did not care

about the business relationship and contract they had with the Plaintiff. After all the months that Ms. Spurlock **paid for her insurance**, she truly thought the Defendant would have the decency to fulfill their contract obligations, AS SHE DID. Clearly, the Defendant made the Plaintiff believe that she would not have to worry about unexpected damages covered by their policy, but this could only be sustained for the Defendant's interests. Moreover, it is common knowledge that the Defendant merely cares about taking money out of their insureds, and rarely pays for what they promise.

20. In addition, the defendant's failure to adhere to the Texas Insurance Code is further exemplified by their failure to promptly make full payment for the plaintiff's claims. Despite the stipulated timeframes, the defendant has unduly delayed the full payment of the plaintiff's claims, with the plaintiff still awaiting complete payment to date. This conduct by the defendant constitutes a violation of the Texas Prompt Payment of Claims Act, as outlined in TEX. INS. CODE § 542.055.

21. These violations underscore the defendant's noncompliance with the laws governing the prompt payment of claims, thereby denying the plaintiff their rightful and timely compensation.

22. It was reasonably evident that the defendant bore the responsibility to make full payment in accordance with the policy's terms. However, without any justifiable basis, the defendant has persistently refused to provide the plaintiff with complete compensation. Such unwarranted denial of full payment goes against the expectations of a reasonable insurance company. Consequently, the defendant's conduct represents a breach of the common law duty of good faith and fair dealing.

23. As a direct consequence of the defendant's actions and failures, the plaintiff **had no choice** but to engage the services of an attorney to represent them in this legal matter. This

necessity arose due to the defendant's conduct, which left the plaintiff with no alternative but to seek legal recourse.

24.     It is important to note that the **plaintiff's experience is not an isolated incident**. The acts and omissions committed by the defendant in this case, or similar ones, occur with such frequency that they have become a consistent business practice for the defendant when handling claims of this nature. The entire process employed by the defendant is inherently biased and unfairly designed to achieve favorable outcomes for the company, all at the expense of the policyholders.

## VI. CAUSES OF ACTION

25.     Plaintiff incorporates all above paragraphs by reference fully herein.

## COUNT 1: BREACH OF CONTRACT

26.     Defendant's above-described conduct constitutes a breach of the insurance contract made between Defendant and Plaintiff because (a) Plaintiff and Defendant entered into a valid, enforceable contract between Plaintiff and Defendant providing Plaintiff's home coverage, (b) Plaintiff is the named insured and proper party to suit, (c) Plaintiff complied with all conditions precedent by timely notifying Defendant of the loss, cooperating with the investigation, producing supporting documentation and submitting to all requested statements, (d) Defendant failed to pay Plaintiff's claim in full despite its contractual obligation to do so and (e) Plaintiff suffered pecuniary loss as a direct result of Defendant failing to pay Plaintiff's claim in full.

27.     It has long been the rule in Texas accompanying every contract is a common law duty to perform with care, skill, reasonable expedience, and faithfulness the thing agreed to be done and a negligent failure to observe any of these conditions is a tort and breach of contract. *Montgomery Ward & Co. v. Scharrenbeck*, 204 S.W.2d 508, 510 (Tex. 1947). Defendant's above-

described failure and refusal to pay adequate compensation as is obligated to do under Defendant's Policy and Texas laws, constitutes material breaches of the insurance contract with Plaintiff. Furthermore, Plaintiff suffered damages in the form of actual damages, interest, and reasonable and necessary attorneys' fees for Texas Insurance Code violations.

28. Defendant's conduct of failing to conduct a reasonable investigation, misrepresenting to Plaintiff the extent of Plaintiff's damages and failing to pay in full Plaintiff's valid claim despite Plaintiff's full compliance with all conditions precedent under Defendant's Policy constitutes multiple Texas Unfair Compensation and Unfair Practices Act violations. TEX. INS. CODE, Chapter 541. All violations under this article are made actionable by TEX. INS. CODE § 541.151.

29. Defendant's above-described unfair practice of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in insurance business. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

30. Defendant's above-described unfair settlement practice of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claims, even though Defendant's liability under Defendant's Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in insurance business. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

31. Defendant's above-described unfair settlement practice of failing to promptly provide Plaintiff a reasonable explanation of the basis in Defendant's Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in insurance business. TEX. INS.

CODE § 541.051, § 541.060 and § 541.061.

32. Defendant's above-described unfair settlement practice of failing within a reasonable time to affirm or deny coverage of Plaintiff's claim or to submit a reservation of rights to Plaintiff constitutes an unfair method of competition and an unfair and deceptive act or practice in insurance business. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

33. Defendant's above-described unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in insurance business. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

34. Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act." Defendant's conduct of failing to timely pay Plaintiff's claim constitutes multiple Texas Prompt Payment of Claims Act ("TPPCA") violations. TEX. INS. CODE, Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

35. Defendant's above-described failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim and request from Plaintiff all items, statements and forms they reasonable believed would be required within the applicable time constraints, constitutes a non-payment of the claim. TEX. INS. CODE § 542.055-542.060.

36. Defendant's above-described delay of payment of Plaintiff's claims following its receipt of all items, statements and forms reasonably requested and required, longer than the amount of time provided for constitutes a non-prompt payment of the claim. TEX. INS. CODE § 542.055-542.060.

**COUNT 2: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

37. The Defendant's actions constitute a clear breach of the common law duty of good

faith and fair dealing owed to insured individuals in insurance contracts, as established in *State Farm Lloyd's v. Nicolau*, 951 S.W.2d 444, 1997 Tex. LEXIS 69 (Tex. 1997). In that case, the defendant insurance company acted in bad faith by denying a legitimate claim made by the plaintiff insureds for property damage resulting from plumbing leaks. The court found that the insurer had engaged a biased investigating firm, ignored substantial evidence indicating the leaks caused the damage, and the denial of coverage appeared to be pretextual.

38. Here, the Defendant's failure to conduct an adequate and reasonable investigation into Plaintiff's claims, as described above, despite being aware or reasonably aware of its liability, represents a significant breach of the duty of good faith and fair dealing.

## COUNT 3: TEXAS PROMPT PAYMENT OF CLAIMS ACT VIOLATIONS: TEXAS INSURANCE CODE, CHAPTER 542: STRICT LIABILITY WITH NO GOOD FAITH EXCEPTION

39. Defendant's above-described conduct constitutes multiple TPPCA violations. Plaintiff has a claim for damages from roof leak on April 14, 2021, under an insurance policy, Defendant's Policy, Defendant is liable for the claim and Defendant failed to pay statutory interest and penalties as TPPCA requires. TEX. INS. CODE § 542.051-542.061.

40. Defendant failed to perform the following duties not later than the 15th day after receipt of notice of the claim as described above:

   a. Acknowledge the claim. Defendant failed to acknowledge receipt of the claim. TEX. INS. CODE § 542.055(a)(1). *See Dunn v. Southern Farm Bur. Cas. Ins. Co.*, 991 S.W.2d 467, 472 (Tex. App.-Tyler 1999, pet. denied);

   b. Record the acknowledgement. Defendant failed to make a record of the date, means and content of the acknowledgement. TEX. INS. CODE § 542.055(c);

    c. Commence the investigation. Defendant failed to commence a reasonable investigation of the claim. Specifically, Defendant conducted an unreasonable, outcome-oriented investigation of the claim with no intent to give deference to Plaintiff's testimony or evidence Plaintiff presented. TEX. INS. CODE § 542.055(a)(2); and

    d. Request information from the claimant. Defendant failed to request from Plaintiff all items, statements and forms reasonably needed from Plaintiff. Instead, Defendant merely relied on its own biased premeditated conclusions to form the basis of its claim decision and subsequent underpayment of the entire claim. TEX. INS. CODE § 542.055(a)(3).

41. As described above, Defendant failed to perform the following duties after Defendant received all items, statements and forms reasonably required from Plaintiff:

    a. Accept or reject the claim. Defendant failed to notify Plaintiff by the 15th business day that Defendant either accepted or rejected the claim. TEX. INS. CODE § 542.056(d);

    b. State reasons for any rejection. Defendant failed to notify Plaintiff of any reasonable justification for underpaying such claim. TEX. INS. CODE § 542.056(c);

    c. Ask for more time and tell why it is needed. Defendant failed to notify Plaintiff it needed more time or provide reasonable justification for seeking more time to complete a reasonable investigation. TEX. INS. CODE § 542.056(d);

    d. Pay the claim after Plaintiff performed all conditions precedent. For each condition sought on Plaintiff, Defendant did not pay such claim within five

    business days after such condition was satisfied. Ultimately, Defendant failed to pay the full amount of Plaintiff's damages as Plaintiff's estimator determined. TEX. INS. CODE § 542.057(b); and

  e. Pay the claim within 60 days after receipt of the information. **Defendant failed to pay the claim within 60 days after receiving all items requested from Plaintiff** despite Plaintiff's complete compliance with facilitating Defendant's investigation and complying with all other conditions precedent. TEX. INS. CODE § 542.058(a).

42. The Defendant's failure to pay the FULL amount of the **claim entitles the Plaintiff to recover interest at a rate of 18% *per annum*** for the outstanding portions of the claim, as specified in the aforementioned statutes. However, **the Defendant has not yet paid the <u>correct amount of interest</u>**. In addition to claiming interest on the unpaid damages, the Plaintiff also asserts a claim under Chapter 542 for **<u>attorneys' fees</u> incurred in collecting the interest, which the <u>Defendant has likewise failed to pay</u>**. *Barbara Tech. Corp. v. State Farm Lloyds*, 589 S.W.3d 806 (Tex. 2019); *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127 (Tex. 2019).

43. Notably, Chapter 542 is strict liability with no good faith exception. Thus, interest owed under Chapter 542 cannot be determined exactly until Defendant pays Plaintiff's claim. Moreover, interest owed under Chapter 542 is dependent on a finding of liability for Defendant. That is, Plaintiff's claims under Chapter 542 are part and parcel of Defendant's breach of contract to the extent the interest owed is dependent on a finding Defendant is liable and breached the contract by failing to pay amounts determined to be owed to Plaintiff. Interest is calculated based on the number of days passing from Defendant's claim denial until the date Defendant pays the full amount owed at a rate of 18% of the total amount owed *per annum*.

## COUNT 4: DECEPTIVE TRADE PRACTICES & UNCONSCIONABLE CONDUCT – KNOWLEDGE AND INTENT

44. Plaintiff alleges that Defendant engaged in false advertising, which violates the Texas Deceptive Trade Practices Act (DTPA) §17.46(a). Specifically, Defendant made false statements regarding the insurance policy that was sold to Plaintiff. The policy was advertised as having certain coverages and providing excellent customer service, but when Plaintiff made a valid claim, Defendant denied it without proper justification. This misrepresentation caused confusion and misunderstanding about the nature and quality of the product.

45. Plaintiff also alleges that Defendant engaged in a bait and switch tactic, which violates the DTPA §17.46(b). Defendant lured Plaintiff into purchasing the insurance policy by advertising it as a friendly and reliable company that would adjust claims in the insured's favor. However, Defendant then denied Plaintiff's legitimate claim, which was a better deal for the seller. This tactic amounts to advertising goods or services with the intent not to sell them as advertised, which is a violation of the DTPA.

46. Additionally, Plaintiff alleges that Defendant engaged in other deceptive trade practices, including misrepresenting the authority of its agents, which is a violation of the DTPA §17.46(b). Defendant represented that its agents had the authority to negotiate the final terms of the insurance policy with Plaintiff, but in reality, they did not. This misrepresentation induced Plaintiff to enter into a transaction that they would not have otherwise entered.

47. Furthermore, Plaintiff alleges that Defendant engaged in an unconscionable course of conduct, which violates the DTPA §17.46(b). Defendant denied Plaintiff's legitimate insurance claim, causing Plaintiff to suffer financial losses, emotional distress, and other damages. Defendant's actions were unconscionable because they were grossly unfair and oppressive to Plaintiff.

48. In conclusion, Plaintiff alleges that Defendant violated the DTPA by engaging in false advertising, bait and switch tactics, misrepresenting the authority of its agents, and engaging in an unconscionable course of conduct. Plaintiff seeks relief for the damages they have suffered as a result of Defendant's deceptive trade practices.

49. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described therein by Texas Deceptive Trade Practices Act. Each of the acts described above, together and singularly, constitutes a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brought each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

50. At all times material hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant. Defendant has violated the Texas Deceptive Trade Practices Act in one or more of the following manners:

   a. Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

   b. Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

   c. Advertising goods or services with intent not to sell them as advertised;

   d. Making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

   e. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    f. Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

    g. Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and/or

    h. Engaging in an unconscionable course of conduct.

## COUNT 5: UNFAIR INSURANCE PRACTICES: TEXAS INSURANCE CODE CHAPTER 541

51. Defendant Insurer's conduct, as described above and incorporated herein, constitutes multiple Unfair Insurance Practices violations, causing mental health damage to the Insured.

52. Defendant Insurer engaged in the following settlement practices concerning Plaintiff's claim (TEX. INS. CODE § 541.060):

    a. misrepresenting to Plaintiff that water damage from a roof leak was covered under Defendant Insurer's Policy and any investigation of the loss would be conducted reasonably without pre-determination;

    b. failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim when Defendant Insurer's liability became reasonably clear;

    c. failing to provide promptly to Plaintiff a reasonable explanation of the basis in Defendant Insurer's Policy, in relation to the facts or applicable law, for Defendant Insurer's partial denial of the claim and failure to pay the full amount

of the claim; and

    d. failing within a reasonable time to deny coverage of Plaintiff's claim.

53. Defendant Insurer engaged in the following settlement practices with respect to Plaintiff's claim (TEX. INS. CODE § 541.151):

    a. misrepresentations and false advertising of Plaintiff's policy contract regarding coverages afforded; and

    b. false information and advertising.

54. Defendant Insurer engaged in the following settlement practices with respect to Plaintiff's claim (TEX. INS. CODE § 541.061):

    a. making an untrue statement of material fact regarding coverages and the amount of loss;

    b. failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; and

    c. making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact such as occurred here.

## COUNT 6: TEXAS FINANCE CODE 304.104 CLAIM FOR

## PRE-JUDGMENT INTEREST

49. Plaintiff is also entitled to pre-judgment interest under Texas law. Per Section 304.104 of the Texas Finance Code, Plaintiff seeks an award of pre-judgment interest calculated at a rate of eight percent per annum, beginning from the day the claim arose until judgment is

rendered, or the current judgement rate as identified on the Texas Office of Consumer Credit Commissioner.

50. Under Texas law, pre-judgment interest is considered compensation, not a penalty. It is a tool used to compensate the creditor for the lost use of their money from the time the loss was incurred until judgment is entered (*Phillips Petroleum Co. v. Stahl Petroleum Co.*, 569 S.W.2d 480, 485 (Tex. 1978)).

51. In the case *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507 (Tex. 1998), the Texas Supreme Court held that pre-judgment interest should be awarded as a matter of right.

52. Plaintiff sent written notice to Defendant regarding the amount due. However, despite multiple attempts, Plaintiff has not received the due payment.

## VII. DAMAGES AND PRAYER

55. Plaintiff prays the Court cites Defendant to appear and answer Plaintiff recover from Defendant the following on a final trial on the merits:

    a. Plaintiff would show all aforementioned acts, taken together or singularly, constitute the proximate and producing causes of damages Plaintiff sustained.

    b. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Defendant's Policy benefits withheld together with statutory interest and attorneys' fees.

    c. For breach of the common law duty of good faith and fair dealing, actual damages and exemplary damages as to be determined by the jury. *See Lee v.*

*Safemate Life Ins. Co.*, 737 S.W.2d 84, 1987 Tex. App. LEXIS 8111 (Tex. App.—El Paso 1987, writ dism'd). Exemplary damages are recoverable for a breach of duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions.

d. For *Texas Prompt Payment of Claims Act* noncompliance, which is strict liability without any good faith exceptions, Plaintiff is entitled to the amount of Plaintiff's claim as well as eighteen (18) percent interest on the total amount of the claim *per annum* post judgment interest as allowed by law and for any other further relief, either at law or in equity, to which Plaintiff may show here to be justly entitled. *See Am. Nat'l. Prop. & Cas. Co. Inc. v. Patty*, No. 05-00-01171-CV, 2001 Tex. App. LEXIS 5493 (Tex. App.—Dallas Aug. 15, 2001, pet. denied) (unpublished). The formula for calculating the interest penalty under this article is "I = P R T," where "I" is interest, "P" equals the principal, "R" equals the rate of interest and "T" equals time over which interest is to be calculated. Thus, due to Defendant's denial, the penalty is calculated until judgment is entered against the insurer. *See Republic Underwriters Ins. Co. v. Mex-Tex, Inc*., 106 S.W.3d 174, 183-84 (Tex. App.—Amarillo 2003, pet. denied). *Also see Higginbotham v. State Farm Mut. Auto. Ins. Co.,* 103 F.3d 456, 461 (5th Cir. 1997). Texas Insurance Code Chapter 542 Violations are strict liability without any exception.

e. For noncompliance with the *Texas Unfair Competition and Unfair Practices Act,* Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including court

costs and mandatory attorneys' fees. See *Rosenblatt v. Freedom Life Ins. Co. of Am.*, 240 S.W.3d 315, 2007 Tex. App. LEXIS 6177 (Tex. App.—Houston [1st Dist.] 2007, no pet.). For knowing and intentional conduct of the acts complained of, Plaintiff asks for three times economic damages. *See* TEX. INS. CODE § 541.152 and TEX. BUS. & COM. CODE § 17.50.

f. Plaintiff seeks attorneys' fees at a contingent rate of thirty-three and one third percent as allowed by law. If attorneys' fees must be quantified at an hourly rate, then Plaintiff seeks attorneys' fees at $750 per hour. *See Mid-Century Ins. Co. v. Barclay*, 880 S.W.2d 807, 1994 Tex. App. LEXIS 1480 (Tex. App.—Austin 1994, writ denied). Attorneys' fees are awarded to a party as part of the damages owed by an insurance company that violates this chapter and it is appropriate to require the insurer to pay a contingency fee, which may be greater than an hourly fee. The specter of large attorneys' fees awards may serve as additional incentive to the insurance company to respond promptly and diligently to its insureds' claims.

## VIII. RESERVATION OF APPRAISAL RIGHTS

56. By filing this lawsuit herein, Plaintiff does not waive, and expressly reserves, Plaintiff's right under Defendant 's Policy to demand an appraisal for determination of the actual cash value amount of loss and replacement cost value amount of loss with respect to the property damage claims Plaintiff asserts in this lawsuit.

## IX. AFFIRMATIVE DEFENSES

57. ***Waiver.*** Defendant has waived certain policy conditions, duties imposed on the

Plaintiff and terms of coverage of the insurance policy at issue.

58. ***Contra Proferentem.*** Defendant's contract is unilateral and in the event of ambiguity must be held against the drafter.

        Respectfully submitted,

        */s/ Eric B. Dick*
        Eric B. Dick, LL.M.
        TBN: 24064316
        FIN: 1082959
        DICK LAW FIRM, PLLC
        3701 Brookwoods Dr.
        Houston, TX 77092-8317
        (844) 447-3234 Office
        eric@dicklawfirm.com
        **ATTORNEY FOR PLAINTIFF**
        **LINDA SPURLOCK**

## CERTIFICATE OF SERVICE

I certify I served record parties a true and correct copy of the above in a method appropriate under Federal Rules of Civil Procedure.

Signed December 26, 2023

*/s/ Eric B. Dick*
Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
DICK LAW FIRM, PLLC